UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANNY HUGHES and CHARLENE JACKSON,

        Appellant-Defendant,

  v.                                                                 Case No. 23-cv-0938-bhl

JOHN M SCAFFINDI,

        Appellee-Plaintiff

PATRICK LAYNG

        Appellee

---

## ORDER
---

On July 13, 2023, appellants Danny Hughes and Charlene Jackson, proceeding without counsel, filed a notice of bankruptcy appeal and a motion for leave to proceed without prepayment of the filing fee. (ECF Nos. 1 & 2.) The Court has authority to allow a bankruptcy appellant to proceed without prepaying the filing fee if the Court determines that the individual "has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget…) applicable to a family of the size involved and is unable to pay that fee in installments." 28 U.S.C. § 1930(f)(1). Even if an appellant meets the income requirement and shows an inability to pay in installments, "the decision to waive the fee is discretionary," and the Court must still decide whether it is appropriate to waive the fee in a specific case. *See Matter of Ali*, Case No. 18-25548-gmh, 2018 WL 3323875, at *1 (E.D. Wis. Bankr. July 5, 2018) (citation omitted); § 1930(f)(1) ("[T]he district court…*may* waive the filing fee….") (emphasis added).

As for their indigency, Appellants' motion indicates that they are both unemployed. (ECF No. 1 at 3; ECF No. 2 at 1.) Hughes and Jackson have a thirteen-year-old who is their dependent. (*Id.*) They further state that they receive approximately $2,100 in monthly income from Social Security, and have $183 total in cash, checking, or savings accounts. (ECF No. 2 at 2–3.) Appellants also have several monthly expenses: mortgage payments ($980), credit card payments

($295), and other household expenses ($645). (*Id.*) They state that they owns two vehicles, a 1999 Chevy pickup worth approximately $1,500, a 2007 Jeep Command worth approximately $4,000, in addition to an approximate home equity of $92,000. (*Id.*)

Currently, 150% of the poverty level is an income of $2,465 per month for a family of two. *See* www.uscourts.gov/sites/default/files/poverty-guidelines.pdf. Appellants' monthly income of $2,100 puts them below that amount, satisfying the first requirement for a fee waiver under Section 1930(f)(1). Given the information Hughes and Jackson provided in their motion, however, it is unclear whether they would be able to make installment payments. Their motion will therefore be denied without prejudice.

Because the decision to waive the fee is discretionary, the Court will also review their notice of appeal for sufficiency. Appellants' notice states that the subject of their appeal is Case Number 15-23793, adversary numbers 15-2388 and 15-2399, and that judgment was entered November 24, 2015. (ECF No. 1 at 1.) They cryptically write "new evidence" and "appeal-decision of adversary hear" next to the provided case numbers. (*Id.*) The docket from the bankruptcy court notes that Adversary Proceeding Number 15-02389-beh was terminated July 19, 2016, and judgment was entered that same day. (*Id.*) The last docket entry before Hughes and Jackson's 2023 notice of appeal occurred on May 23, 2017, when Plaintiff John M. Scaffidi paid the adversary filing fee. (ECF No. 1-1 at 1, 8.)

Federal Rule of Bankruptcy Procedure 8002 governs the time for filing a notice of appeal. Under Rule 8002(a)(1), a notice of appeal must be filed within fourteen days after the entry of judgment, order, or decree being appealed. But if a party files a motion to amend or make additional findings under Rule 7052, to alter or amend the judgment under Rule 9023, for a new trial under Rule 9023, or for relief under Rule 9024, the time to file an appeal runs from the entry of the order disposing of the last such remaining motion. Rule 8002(b)(1). Additionally, a court may extend the time to file a notice of appeal by an additional 21 days if the party shows excusable neglect. Rule 8002(d). A "failure to file a timely notice of appeal divests the district court of its jurisdiction over the appeal and mandates the dismissal of the appeal." *In re Schwinn Bicycle Co.*, 209 B.R. 887, 890 (N.D. Ill. 1997). And "[i]t is within a district court's sound discretion to dismiss an appeal from a bankruptcy court order when the appellant negligently fails to comply with procedural rules." *In re ANR-Advance Transp. Co., Inc.*, 73 F. App'x 183, 185 (7th Cir. 2003).

Hughes and Jackson's notice of appeal comes *more than seven years* after both the date judgment was entered and the date they claim judgment was entered. (*See* ECF No. 1 at 1; ECF No. 1-1 at 1.)  They provide no other information that would remedy his years-long delay in filing this appeal.  "The fact that the appellant did not timely file his notice of appeal is reason enough for the court to dismiss the appeal."  *Redzinski v. Whitten*, Case No. 18-cv-1853-pp, 2020 WL 533767, at *2 (E.D. Wis. Feb. 3, 2020).  The Court will therefore deny Hughes and Jackson's appeal and dismiss their case.

Accordingly,

**IT IS HEREBY ORDERED** that Hughes and Jackson's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Appellants' bankruptcy appeal, ECF No. 1, is **denied** and this case is **dismissed**.  The Court **affirms** the decision of the bankruptcy court.  The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on July 20, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
